Present: All the Justices

RACHEL P. CHANEY

v.  Record No. 941562    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                        June 9, 1995
CASPER B. HAYNES, JR., ET AL.


            FROM THE CIRCUIT COURT OF KING AND QUEEN COUNTY
                     Samuel Taylor Powell, III, Judge


        In this appeal, we consider whether the evidence is

sufficient to support the trial court's ruling that a

prescriptive easement had been established.  The dispositive

issue is whether the plaintiffs proved an adverse use.

        The property involved in this dispute is located in King and

Queen County.  In 1944, J.M. Garnett purchased a five-acre tract

which he later subdivided.  By deed, the Garnetts granted each

lot purchaser
            the right to use the strip of land 10-ft. wide over and
            along the northern boundary of this lot and over and
            along the northern boundary of all other lots in the
            Re-Subdivision and over and along the remaining
            property of J.M. Garnett extending from the public
            highway on the east to low water mark of York River on
            the west for purposes of access to the York River and
            to the public highway.  This right shall be in common
            with a similar right of use by the [grantors] and the
            owners of all the land now owned by J.M. Garnett and by
            the owners of all the lots in the Re-Subdivision herein
            recited.


The described easement runs across a lot now owned by Josephine

Erwin.

        Casper B. Haynes, Jr., Josephine Erwin, and the other

plaintiffs are all successors in interest to the original

purchasers of the Garnett lots.  Despite the fact that their

express easement runs across Erwin's property, the plaintiffs and

their predecessors have used land adjacent to Erwin's property to gain access to the York River. This adjacent lot, formerly owned by Frances Sutton, is now owned by Rachel P. Chaney. The plaintiffs alleged that, at the time Chaney purchased the lot in 1991, she placed a fence across a portion of the lot, thus preventing access to the river.

The plaintiffs filed a petition for temporary injunction, asking the trial court to enjoin Chaney from interfering with their use of an alleged ten-foot wide right-of-way across Chaney's land between Route 667 and the York River. The plaintiffs also filed a petition for declaratory judgment asserting that they had established a prescriptive easement, ten feet wide, over Chaney's land. The trial court denied the request for injunctive relief and referred the petition for declaratory judgment to a commissioner in chancery.

At the commissioner's hearing, all the plaintiffs who testified stated that, until the present suit was filed, they believed their easement ran over Chaney's property between a group of cedar trees to the north and a stand of bushes to the south. That area is approximately 40 to 50 feet wide.

These plaintiffs further stated that they used this way to get to the river because they understood that their easement was located there. One plaintiff, Michael S. Duvall, testified that he used the way with knowledge that his easement was only ten feet wide. Duvall stated that, when he used the way, he drove

his vehicle straight down the middle of the area between the trees and the shrubs, apparently in an attempt to comply with the terms of his easement. The other plaintiffs testified that they used the whole area between the trees and the shrubs because they thought it was included in their easement.

The commissioner received other evidence indicating that the plaintiffs' use of the way was exclusive, continuous, uninterrupted, and with the acquiescence of the Suttons, and that such use had continued for a period of over 20 years. The commissioner concluded that the plaintiffs had acquired a prescriptive easement over Chaney's property, and stated that they had established an adverse use by their use of the entire area between the trees and the shrubs.

After overruling Chaney's exceptions to the commissioner's report, the trial court entered an order confirming the report. This appeal followed.

Chaney argues that the plaintiffs did not establish a prescriptive easement because they did not prove the element of adverse use. Chaney asserts that, if the users of a way are under the mistaken belief they have an express easement granting them the right to use the way, and they do not intend to use land over which they have no right-of-way, then such use of the property is not adverse. See Clatterbuck v. Clore, 130 Va. 113, 121-22, 107 S.E. 669, 672 (1921).

In response, the plaintiffs argue that the element of

adverse use is satisfied by their use of the entire area between the cedar trees and the shrubs, instead of only a ten-foot wide strip across the property corresponding to the width of the easement they believed they were entitled to use.  Citing Pettus v. Keeling, 232 Va. 483, 489-90, 352 S.E.2d 321, 326 (1987), the plaintiffs contend that the location and size of their right-of-way should be measured by their actual use of the property.  We disagree with the plaintiffs.

Our standard of review in a case like this is well established.  Since the trial court fully approved the report of a commissioner in chancery who heard evidence ore tenus, the trial court's decree will not be reversed on appeal unless it is plainly wrong.  Ward v. Harper, 234 Va. 68, 70, 360 S.E.2d 179, 181 (1987); Pavlock v. Gallop, 207 Va. 989, 994, 154 S.E.2d 153, 157 (1967).  Thus, we must determine whether the conclusions of the commissioner, as approved by the trial court, are supported by credible evidence.  Ward, 234 Va. at 70, 360 S.E.2d at 181; Surf Realty Corp. v. Standing, 195 Va. 431, 436, 78 S.E.2d 901, 904 (1953).

In determining whether the plaintiffs established a prescriptive easement over Chaney's land, we apply the settled rule that
> [t]o establish a private right of way by prescription over lands of another, the claimant must prove, by clear and convincing evidence, that his use of the roadway was adverse, under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owners of the land over which it passes, and that the use has continued for at least 20

- 4 -

years.

Ward, 234 Va. at 70, 360 S.E.2d at 181.  Accord Pettus, 232 Va. at 485, 352 S.E.2d at 323.  However, "when the user of a way over another's land clearly demonstrates that his use has been open, visible, continuous, and exclusive for more than twenty years, his use is presumed to be under a claim of right."  Umbarger v. Phillips, 240 Va. 120, 124, 393 S.E.2d 198, 200 (1990).  Accord Pettus, 232 Va. at 485, 352 S.E.2d at 323.  "[T]his presumption of a grant or adverse right is in Virginia prima facie only and may be rebutted by evidence."  Davis v. Wilkinson, 140 Va. 672, 677, 125 S.E. 700, 702 (1924).

Chaney argues that any such presumption in the plaintiffs' favor is rebutted, as a matter of law, by the undisputed evidence that all the plaintiffs used the way under the mistaken belief that their express easement designated that location, and that they did not intend to use any land not included in the grant. We agree.

The essence of an adverse use is the intentional assertion of a claim hostile to the ownership right of another.  Use of property, under the mistaken belief of a recorded right, cannot be adverse as long as such mistake continues.  See Clatterbuck, 130 Va. at 121–22, 107 S.E. at 672; Clinchfield Coal Co. v. Viers, 111 Va. 261, 264, 68 S.E. 976, 977 (1910); Schaubuch v. Dillemuth, 108 Va. 86, 89, 60 S.E. 745, 746 (1908).  The present record shows that the plaintiffs based their use of Chaney's land

solely on their mistaken belief that it was the land described in their express easement. Thus, the plaintiffs have failed to prove that a prescriptive easement was established.

We find no merit in the plaintiffs' contention that their use of the "whole area" between the cedar trees and the bushes proved an intent to use adversely all but a ten-foot-wide strip across the property. With the exception of Duvall, all the plaintiffs who testified stated that they believed their easement covered the entire area in question. Duvall testified that he used only a strip down the center of the way. Thus, none of the plaintiffs' testimony evidenced an intent to use any property other than what they believed their express easement allowed.

We also disagree with the plaintiffs' contention that our holdings in Pettus and in McNeil v. Kingrey, 237 Va. 400, 377 S.E.2d 430 (1989), require a different result here. In those cases, we upheld findings that prescriptive easements had been established when the evidence showed, among other things, that both of the easement claimants held a general belief they had the right to use the ways at issue. Pettus, 232 Va. at 488, 352 S.E.2d at 325; McNeil, 237 Va. at 402, 377 S.E.2d at 431.

Neither of those claimants, however, asserted that his right derived from an express easement. Thus, the claimants' intended use of the respective properties was hostile to the interests of the property owners and satisfied the requirement of an adverse use. Here, in contrast, the plaintiffs intended to use only the

land described in their express easement.  Since the plaintiffs failed to prove an adverse use, we conclude that the trial court's ruling approving the commissioner's report is plainly wrong.

For these reasons, we will reverse the trial court's judgment and enter final judgment in favor of Chaney.

<u>Reversed and final judgment</u>.