PRESENT: Carrico, C.J., Compton, Lacy, Hassell, Koontz, and Kinser, JJ., and Whiting, Senior Justice

CAROLYN HOLLANDER

OPINION BY
v. Record No. 970922     SENIOR JUSTICE HENRY H. WHITING
                              February 27, 1998
WORLD MISSION CHURCH OF WASHINGTON, D.C.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Leslie M. Alden, Judge

This adverse possession case involves the effect of a mistake as to the location of an actual boundary line upon the intent to hold disputed land adversely.

The World Mission Church of Washington, D.C., (the church) filed a motion for judgment seeking to recover possession of a strip of its land in Fairfax County. The church claimed that Carolyn Hollander, an adjoining property owner, "unlawfully with[held]" the land. Hollander responded by claiming title by adverse possession.

At a trial before the court, the evidence indicated that the church had record title to the land in dispute. The dispute arose because Hollander and her predecessors in title (the claimants) had used the disputed land mistakenly believing that their property ran to a line of trees at the edge of woods on the church's property.

After hearing both parties' evidence, the court concluded that all the elements necessary to establish title by adverse possession had been clearly established except for the

requirement of an adverse or hostile possession. Because the claimants' possession of the land was based on a mistake as to the ownership of the land, the trial court determined that the possession was not adverse since "there was no intent of the claimant in this case to oust the true owner of the title of the property." Hence, the court entered final judgment for the church. Hollander appeals.

Hollander's evidence disclosed that the claimants had mowed, gardened, and otherwise maintained the strip of land up to the tree line as a part of their residential property for more than 15 years, believing that it was the common boundary between their property and the church's property. The evidence also indicated that the claimants intended to claim title to the land extending to that line as a part of the property they thought was conveyed to them.

Hollander contends that this evidence is sufficient to show that the claimants did not base their claim solely on their deed descriptions; rather, it shows their intention to claim title to a definite line on the ground. Hence, Hollander maintains that this case is controlled by our decision in Christian v. Bulbeck, 120 Va. 74, 90 S.E. 661 (1916). On the other hand, the church, relying primarily on our ruling in Chaney v. Haynes, 250 Va. 155, 159, 458 S.E.2d 451, 453 (1995), contends that the

2

claimants' mistake precludes a finding that their possession was with the necessary adverse or hostile intent.

The following principles govern our decision in this case.

> "To establish title to real property by adverse possession, a claimant must prove actual, hostile, exclusive, visible, and continuous possession, under a claim of right, for the statutory period of 15 years." Grappo v. Blanks, 241 Va. 58, 61, 400 S.E.2d 168, 170-71 (1991). See Code § 8.01-236. The burden is upon the claimant to prove all of the foregoing elements by clear and convincing evidence. Grappo, 241 Va. at 62, 400 S.E.2d at 171; Matthews v. W.T. Freeman Co., 191 Va. 385, 395, 60 S.E.2d 909, 914 (1950).

Calhoun v. Woods, 246 Va. 41, 43, 431 S.E.2d 285, 286-87 (1993).One who possesses the adjoining land of another under a mistake as to his own boundaries with no intention to claim land that does not belong to him, but only intending to claim to the true line, wherever it may be, does not adversely hold the land in question. Christian, 120 Va. at 102-03, 90 S.E. at 670; Clinchfield Coal Co. v. Viers, 111 Va. 261, 264, 68 S.E. 976, 977 (1910); Schaubuch v. Dillemuth, 108 Va. 86, 89, 60 S.E. 745, 746 (1908).

However, as we held in Christian:

> [T]he rule in Virginia[] may be taken to be that, where the proof is that the location of the line in question was caused in the first instance by a mistake as to the true boundary, the other facts and circumstances in the case must negative by a preponderance of evidence the inference which will otherwise arise that there was no definite and fixed intention on the part of the possessor to occupy, use and claim as his own the land up to a particular and definite line on the ground. That is to say, on the

3

whole proof a case must be presented in which the preponderance of evidence as to the character of the possession, how held, how evidenced on the ground, how regarded by the adjoining land owner, etc., etc., supplies the proof that the definite and positive intention on the part of the possessor to occupy, use and claim as his own the land up to a particular and definite line on the ground existed, coupled with the requisite possession, for the statutory period, in order to ripen title under the statute. Whether the positive and definite intention to claim as one's own the land up to a particular and definite line on the ground existed, is the practical test in such cases.

The collateral question whether the possessor would have claimed title, claimed the land as his own, had he believed the land involved did not belong to him, but to another, that is, had he not been mistaken as to the true boundary line called for in his chain of title, is not the proximate but an antecedent question, which is irrelevant and serves only to confuse ideas.

120 Va. at 110-11, 90 S.E. at 672; see also, Schaubuch, 108 Va. at 91-92, 60 S.E. at 747; 2 Frederick D.G. Ribble, Minor on Real Property § 966, at 1234-37 (2d. ed. 1928).[1]

Although in Chaney we said that "[u]se of property, under the mistaken belief of a recorded right, cannot be adverse as long as such mistake continues," we noted that "[t]he present record shows that the [claimants] based their use of Chaney's land solely on their mistaken belief that it was the land described in their express easement." 250 Va. at 159, 458 S.E.2d at 454 (emphasis added). As we have stated, the

---

[1] As we have previously noted, the degree of proof required in adverse possession cases is clear and convincing. See Calhoun, 246 Va. at 43, 431 S.E.2d at 287.

4

claimants in this case based their claim not only on the deed descriptions, but also on their belief that their property line ran to the line of woods. Accordingly, we hold that the claimants' possession was accompanied by the requisite adverse or hostile intent.

Nevertheless, the church argues that the evidence fails to show the claimants held the land adversely for the requisite period of 15 years. This argument is based on the contention that when the alleged 15-year period of adverse possession began while a nonresident corporation owned the Hollander property, there was no evidence of its intention to adversely possess the land up to the line of woods.

We disagree. A witness who cultivated a garden in the disputed strip of property from 1972 to 1975 testified without objection that he did so with the permission of the corporation's predecessor in title, who told him that his property ran to the line of the woods. This witness also testified that, since he gave up the garden, he has passed through the area every two or three weeks and the disputed area has consistently been maintained as a lawn. Additionally, one of the claimants testified that, when he looked at the property in July of 1981, representatives of the nonresident corporation told him its land extended to the line of woods.

We think the evidence sufficiently supported the trial court's implicit ruling that the period of possession had been for more than 15 years.  Hence, we find no merit in the church's contention on this ground.

Accordingly, we will reverse the judgment of the trial court and remand the case for further appropriate proceedings to locate and adjudicate the true boundary line between the properties.  See Brunswick Land Corp. v. Perkinson, 146 Va. 695, 704, 714, 132 S.E. 853, 855, 859 (1926).

Reversed and remanded.