# CIRCUIT COURT OF FAIRFAX COUNTY

Young Kee Kim

   v.

Douval Corp.,
d/b/a Wash Fair

February 4, 1999

Case No. (Law) 164288

BY JUDGE JANE MARUM ROUSH

This matter came on for a trial before a jury on October 19 and 20, 1998, on the plaintiff's action for ejectment and the defendant's counterclaim asserting adverse possession.

At trial, the parties stipulated that the defendant's claim of adverse possession, if proven, would be dispositive of the plaintiff's ejectment action. Therefore, the parties agreed that the question of whether defendant had acquired title to the disputed property by adverse possession would be submitted to the jury. The parties further agreed that if the jury found that adverse possession had not been proven, the plaintiff would be entitled to ejectment and that the jury would determine what damages, if any, the plaintiff was entitled to as a result of the defendant's use of his land.

The jury returned a verdict in favor of the plaintiff, Young Kee Kim, finding that the defendant, Douval Corporation, had not established title to the land by adverse possession. In addition, the jury awarded the plaintiff $40,000.00 in damages. The defendant moved to set aside the verdict or, alternatively, for a new trial or remittitur. The Court took that motion under advisement. The Court has now had the opportunity to consider the matter fully, including counsel's briefs, arguments, and the transcript of the testimony. For the reasons set forth below, the Court finds that the jury's

verdict is plainly wrong and without evidence to support it and, therefore, will be set aside. The Court further finds that there is sufficient evidence before the court to enable it to decide the case upon its merits. Judgment will be entered for the defendant, Douval Corporation, on its claim of adverse possession.

### Facts

Plaintiff Young Kee Kim purchased a 17,200 square foot tract of land (Tr., vol. 1, p. 36) on November 23, 1994, described as Lot 4A of the East Garfield Tract in the Springfield area of Fairfax County. After Mr. Kim acquired Lot 4A, a survey revealed that the operator of a business on an adjoining parcel, the Douval Corporation, d/b/a Wash Fair, occupied a strip of Lot 4A consisting of approximately 414 square feet. Douval leased Lot 4E on which it operated a car wash. (Lot 4E is owned by David Bond and his wife. Mr. and Mrs. Bond are the principals of Douval.)

Douval claimed that it acquired title to the 414 square foot strip by adverse possession. Douval asserted that it used and possessed the disputed parcel continuously since 1962 and made visible improvements to the property. Douval maintained that its use was actual, hostile under a claim of right, exclusive, visible, and continuous for more than the statutory fifteen-year period.

The genesis of the dispute was in 1962, when a curb was erected several feet inside of the actual boundary of Lot 4A, and the defendant Douval (or its predecessor "Wash Fair") began to occupy that part of Lot 4A up to the point of the curb.

David Bond, an officer and director of Douval, testified at trial. He testified that he was the manager of the car wash beginning in 1962. In 1977, he purchased the car wash business from its then owner and continued to occupy the disputed parcel of land as the car wash's property. (Tr., vol. 1, p. 97.) Mr. Bond testified that in 1962 Douval paved the strip for use as a driveway servicing the car wash, installed lampposts on the strip in 1969, painted the curb on a regular basis, added vacuums next to the lamppost bases in 1980 or 1983, (Tr., vol. 1, pp. 102-03) and installed planters after the vacuums were installed. (Tr., vol. 1, p. 104.) Mr. Bond further testified that Douval was not given permission from the owner of Lot 4A to make these improvements (Tr., vol. 1, pp. 102, 112, and 128) and, beginning sometime between 1962 and 1969, Douval knew the property was not part of Lot 4E. (Tr., vol. 1, p. 132-33.) Douval used the parcel to the exclusion of all others (Tr., vol. 1, p. 104), its use of the parcel was open for the owner to see (Tr.,

vol. 1, p. 112), and was continuous from 1962 through 1994 when Mr. Kim purchased the property. (Tr., vol. 1, p. 121.)

The plaintiff's only evidence that the property was not possessed by the defendant under a hostile claim was the testimony of Mr. William C. Thomas, former counsel for the plaintiff. On rebuttal, Mr. Thomas testified that he spoke with Mr. Bond during the preliminary stages of Mr. Kim's development of Lot 4A. Mr. Thomas testified that Mr. Bond "didn't know about the encroachment ... . Basically what he said was that he had built entirely on the Wash Fair property." (Tr., vol. 2., p. 9.)

### *Standard for Setting Aside a Jury Verdict*

A jury's verdict may not be set aside unless the verdict is plainly wrong or without evidence to support it. *Lane v. Scott*, 220 Va. 578 (1979).

> If there is a conflict in the testimony on a material point, or if reasonable men may differ in their conclusions of fact to be drawn from the evidence, or if the conclusion is dependent on the weight to be given the testimony, the trial judge cannot substitute his conclusion for that of the jury merely because he would have voted for a different verdict if he had been on the jury.

*Id.* at 581. See also, *Carter v. Lambert*, 246 Va. 309, 313-14 (1993). Va. Code § 8.01-430 provides that:

> When the verdict of a jury in a civil action is set aside by a trial court upon the ground that it is contrary to the evidence, or without evidence to support it, a new trial shall not be granted if there is sufficient evidence before the court to enable it to decide the case upon its merits, but such final judgment shall be entered as to the court shall seem right and proper.

### *Discussion*

"To establish title to real property by adverse possession, a claimant must prove actual, hostile, exclusive, visible and continuous possession, under a claim of right for the statutory period of fifteen years." *Grappo v. Blanks*, 241 Va. 58, 61 (1991). See also, Va. Code § 8.01-236. In this case, there was no genuine dispute that the defendant's possession of the strip was actual,

exclusive, visible, and continuous for a period exceeding the statutory period of fifteen years. The only element of adverse possession genuinely disputed at trial was whether the defendant's possession was hostile under a claim of right. The Court concludes after a careful review of the record that reasonable persons could not differ about whether Douval's possession was hostile under a claim of right.

Mr. Bond testified that Douval continuously occupied the strip from 1962 through trial knowing full well that it was part of Lot 4A owned by Mr. Kim and his predecessors in title. The only evidence contrary to that testimony was Mr. Thomas's testimony that Mr. Bond thought Douval owned the disputed area. Even if the jury were to accept Mr. Thomas's testimony in full, the defendant's possession was nevertheless "hostile under a claim of right." The case of *Hollander v. World Mission Church*, 255 Va. 440 (1998), is controlling of this issue. In that case, the Virginia Supreme Court held that land can be adversely possessed even if the possessor is under the mistaken belief that he or she owns up to a definite "line in the ground":

> [O]n the whole proof a case must be presented in which the preponderance of evidence as to the character of the possession, how held, how evidenced on the ground, how regarded by the adjoining landowner, etc., etc., supplies the proof that the definite and positive intention on the part of the possessor to occupy, use and claim as his own the land up to a particular and definite line *on the ground* existed, coupled with the requisite possession, for the statutory period, in order to ripen title under the statute. Whether the positive and definite intention to claim *as one's own* the land up to a particular and definite line *on the ground* existed is the practical test in such cases.

*Hollander*, 255 Va. at 443, citing *Christian v. Bulbeck*, 120 Va. 74, 110-11 (1916). In this case, the curb is just such a "line in the ground." Hence, even if Douval thought it owned up to the curb line, its possession was "hostile" under *Hollander*.

Accordingly, under any view of the evidence, reasonable persons could only conclude that the defendant's possession of the 414 square foot parcel of land was hostile under a claim of right. Therefore, the jury's verdict is plainly wrong and without evidence to support it and will be set aside. There is sufficient evidence before the court to enable it to decide the case upon its merits. Judgment will be entered for the defendant, Douval Corporation, and an order will be entered establishing its title to the disputed strip.