## CIRCUIT COURT OF LOUDOUN COUNTY

Lester A. Blackburn
and Charlotte C. Blackburn

v.

Unknown Heirs
of Samuel Hugh Rogers

February 23, 2000

Case No. (Chancery) 19019

BY JUDGE JAMES H. CHAMBLIN

This cause came before the Court on January 28, 2000, for a hearing on the bill of complaint filed by the Blackburns (the claimants) seeking title by adverse possession to a parcel of land in Loudoun County owned of record by the defendants. Upon consideration of the argument of counsel and the evidence admitted at the hearing, the Court finds, for the reasons that follow, that the claimants have acquired ownership by adverse possession of a certain portion, but not all, of the subject property.

The land in issue, identified as Lot 4, Block 5, Village of Paeonian Springs (Lot 4), was conveyed to Samuel Hugh Rogers by deed dated June 9, 1893, and recorded in Deed Book 7H, page 88, among the land records of Loudoun County, Virginia. According to the claimants' expert title examiner who testified at the hearing, this was the last conveyance of record for Lot 4. No conveyance from Samuel Rogers was found; nor was a will for him or a list of his heirs found. A search of the tax records of Loudoun County from 1893 to 1900 and every five years thereafter to the present, including the

current tax record, revealed no data for Lot 4. Apparently, even though it appears on the County's tax map, the lot is not taxed.

Due diligence having been used on behalf of the claimants to ascertain the heirs of Samuel Hugh Rogers without effect, service of process on the unknown heirs of Mr. Rogers was by order of publication and Ms. Jeanine M. Irving was appointed guardian ad litem to represent their interests. In addition to Ms. Irving's answer, there was one other response filed in this case by a Gary Richards Rogers who suggested that he might be related to Samuel Hugh Rogers in that his "father's family is from the area." The aforesaid expert title examiner testified at the hearing, however, that her search of the Loudoun County land records revealed no mention of Gary Richard Rogers. Mr. Gary Rogers did not appear at the hearing, and no evidence of his being an heir of Samuel Hugh Rogers was offered.

The claimants in this case own a parcel of land running perpendicular to Lot 4 known as Lot 16, Block 5, Village of Paeonian Springs (Lot 16), which Charlotte Blackburn acquired by will from her mother in 1975. Ms. Blackburn lived there from 1969 to 1995, first with her parents and then with her husband and children. Her daughter has resided there since 1995.

As shown on the plat of Paeonian Springs, Lots 4 and 16 together roughly form the shape of the letter "T," with Lot 4 being the slightly off-center vertical stroke and Lot 16 being the cross-bar. The two parcels, however, are not adjoined as they are separated by an alley that runs between them. That alley, though, presently exists strictly on paper. There is nothing on the ground to indicate its existence. To the claimants' knowledge, it has never been used as a means of travel and has always been an undistinguishable part of a grassy area that extends from Lot 16 over the alley to a distinct tree line approximately fifty feet in from the alley on Lot 4. The rest of Lot 4 is wooded.

The claimants now ask this Court to establish title to Lot 4 in them. They assert that they have acquired title to Lot 4 by adverse possession in that since 1969 they and their predecessors in title have exercised actual, hostile, exclusive, visible, and continuous possession of Lot 4, under a claim of right. Based on the evidence before it, the Court agrees, but only in part.

The principles of law pertinent to the analysis of an adverse possession claim are well settled in Virginia. To establish title by adverse possession, a claimant must prove by clear and convincing evidence actual, hostile, exclusive, visible, and continuous possession of the land, under a claim of right, for the statutory period of fifteen years. *Hollander v. World Mission Church*, 255 Va. 440, 442 (1998).

Here, the claimants presented clear and convincing evidence that they and their predecessors in title maintained and used the grassy, cleared portion of Lot 4 as their own since 1969. They cleared underbrush from the area, mowed it weekly during the grass-growing season, used a portion of it for a vegetable garden, used it for sporting events and outdoor games, and otherwise used and treated it as part of their own yard as if they were the owners, to the exclusion of all others. Such maintenance and use constitutes, in the Court's opinion, evidence of actual, hostile, exclusive, visible, and continuous possession of the land, under a claim of right, for the statutory period. The Court thus finds that the claimants have sufficiently met their burden to prove by evidence that is clear and convincing all of the required elements in support of their adverse possession claim.

That having been said, however, it should be noted that "[a]ll presumptions ... favor the holder of the legal title. And wild and uncultivated land cannot be made the subject of adverse possession while it remains completely in a state of nature; a change in its condition to some extent is essential." *Calhoun v. Woods*, 246 Va. 41, 44 (1993) (citations omitted). The distinction must be drawn, therefore, between that portion of Lot 4 that was visibly controlled by the claimants and that portion of Lot 4 that remained completely in a state of nature. According to Charlotte Blackburn's own testimony, neither the claimants nor their predecessors in title did anything to change the condition of that part of Lot 4 that is wooded. They maintained and used only that cleared section of Lot 4 that extends fifty feet in from the alley.

Charlotte Blackburn also testified that her parents always told her that they felt that the cleared part of Lot 4 up to the tree line was part of what they bought when they purchased Lot 16. The evidence clearly demonstrates that the claimants and their predecessors in title had the definite and positive intention to occupy, use, and claim as their own the land up to a particular and definite line on the ground — the tree line on Lot 4. Accordingly, the Court finds that the claimants have established title by adverse possession to that cleared, grassy part of Lot 4 extending from the alley between Lot 16 and Lot 4 to the tree line approximately fifty feet in demarcating the wooded portion of Lot 4. *See Brown v. Moore*, 255 Va. 523, 533 (1998); *Hollander*, at 442, 443.

Claimants suggest that, if the Court finds they have a claim by adverse possession to a part of Lot 4, that claim should extend to the entirety of Lot 4. The Court disagrees. The claimants have produced no evidence that their possession of Lot 4 was under color of title. Their possession was strictly under a claim of right. Accordingly, they can acquire title by adverse

possession to only that land which they actually possessed. *Richmond v. Jones*, 111 Va. 214, 221 (1910); *Maynard v. Hibble*, 244 Va. 94, 97 (1992).

It bears noting that the Court's ruling herein in no way extends to or otherwise touches on the title to the alley running between Lots 4 and 16. The alley's owner of record is not a party to this cause and the issue of the alley's ownership is not before the Court.

Ms. Irving is entitled to fees as guardian ad litem in this case in the amount of $750.00, to be paid by claimants on or before the 1st day of May, 2000.