# CIRCUIT COURT OF MECKLENBURG COUNTY

Thomas E. Green, III

v.

Nancye M. Knott et al.

April 4, 2003

Case No. (Chancery) CH02-90

BY JUDGE LESLIE M. OSBORN

This cause came before the Court on November 12, 2002, on the Amended Bill of Complaint in filed by Thomas E. Green, III, against Nancye M. Knott et al. By decree entered November 12, 2002, this Court granted partial summary judgment in this matter relating to the issue of alleged ambiguity in a 1956 deed relating to the subject property. The hearing on November 12, 2002, related to the defendants' Cross-bill seeking to establish title by adverse possession and Green's request for an award of attorney's fees and costs based upon an alleged violation of the 1956 deed's general warranty clause and Green's request for a permanent injunction.

I have reviewed the memoranda submitted by counsel and all authority referred to therein. The Court will not undertake to set forth in detail all of the evidence introduced at the trial of this matter.

## Adverse Possession

In order for the defendants to succeed in their claim of adverse possession they must prove actual, hostile, exclusive, visible, and continuous possession, under claim of right for the statutory period of fifteen years. The issue in this case is whether or not the claim by the defendants was "adverse" as to the plaintiff and his predecessors in title.

It is clear that the evidence adduced at trial establishes that any claim upon the subject property by the defendants was based upon mistake. The general rule with regard to mistake in adverse possession is set forth in 1A M.J., *Adverse Possession*, § 15 (1993) which states, "When possession is taken, there must be an intent to claim adversely. Accordingly, possession taken by mistake and not under a claim of right cannot ripen into adverse possession."

The general rule is not without exception. As indicated by counsel for the defendants, the rule and exception is explained and defined in *Hollander v. World Mission Church*, 225 Va. 440, 498 S.E.2d 419 (1998).

One who possesses adjoining land of another under a mistake as to his own boundaries with no intention to claim land that does not belong to him, but only intending to claim to the true line, wherever it may be, does not adversely hold the land in question.

*Hollander, supra*, at 442.

The defendants in the instant case had an opportunity to overcome this rule as set forth in *Hollander, supra* citing *Christian v. Bulbeck*, 120 Va. 74, 90 S.E. 661 (1916):

[T]he rule in Virginia[ ] may be taken to be that, where the proof is that the location of the line in question was caused in the first instance by a mistake as to the true boundary, the other facts and circumstances in the case must negative by a preponderance of evidence the inference which will otherwise arise that there was no definite and fixed intention on the part of the possessor to occupy, use, and claim as his own land up to a particular and definite line on the ground. That is to say, on the whole proof, a case must be presented in which the preponderance of evidence as to the character of the possession, how held, how evidenced on the ground, how regarded by the adjoining landowner, etc., etc., supplies the proof that the definite and positive intention on the part of the possessor to occupy, use, and claim as his own the land up to a particular and definite line *on the ground* existed, coupled with the requisite possession, for the statutory period, in order to ripen title under the statute. Whether the positive and definite intention to claim *as one's own* the land up to a particular and definite line *on the ground* existed, is the practical test in such cases.

The evidence adduced in the instant case by the defendants failed to show their occupancy and possession of the disputed property was based on any

factor other than their misreading of the 1956 deed and related survey. Moreover, unlike the cases cited by counsel for the defendants, there was no evidence submitted to the Court to establish the location of what they claimed to be the true boundary line. A review of two of the cases cited by counsel for the defendants, *Hollander, supra*, and *Brown v. Moore*, 225 Va. 523, 500 S.E.2d 797 (1998), demonstrate a sharp contrast in the type of evidence introduced. In both cases, the adverse possession claimant was able to establish the specific location of the disputed boundary on the land. There was no other evidence presented at the trial of this matter and no additional evidence of other factors that would allow the Court to rule that the alleged possession in this case was actually "adverse."

### Attorney's Fees

The plaintiff's request for attorney's fees stems from the covenant of general warranty contained in the1956 deed. Va. Code § 55-68 reads in toto:

> A covenant by the grantor in a deed, "that he will warrant generally the property hereby conveyed," shall have the same effect as if the grantor had covenanted that he, his heirs, and personal representatives will forever warrant and defend such property unto the grantee, his heirs, personal representatives, and assigns against the claims and demands of all persons whomsoever.

There can be no question that the case before the Court constitutes such a defense of title as contemplated by the aforementioned code section.

Counsel for the defendants is correct when he states that Va. Code § 55-68 does not require an award of attorney's fees. The statute, however, certainly authorizes the award of attorney's fees in such matters.

Defense counsel raises two objections to the award of attorney's fees in this matter. First, he argues that it is unfair to extend the liability imposed by Va. Code § 55-68 to anyone other than the original grantor. The language of the statute clearly states that the obligation runs not only to the grantor, but also to his "heirs and personal representatives. . . ."

Second, counsel for the defendants argues that because defendants' case was based on a bona fide claim of right there should be no award of attorney's fees. He also asserts that awarding attorney's fees in this case would have a chilling effect on litigation. Virginia law does not generally favor an award of attorney's fees except in cases where such an award is specifically authorized by statute or authorized by the contract of the parties. An award of attorney's fees in this matter would appear to be properly authorized by statute. While it

is true that any award of attorney's fees may have a "chilling effect" on future litigation, the Court may not use that as a ground to overrule the statute. The General Assembly made the public policy determination when it authorized an award of attorney's fees in such actions.

There was no evidence or argument contesting the reasonableness of the attorney's fees requested.

The defendants, who are the heirs of the original grantor in the 1956 deed, are therefore liable for attorney's fees and costs in the amount of $15,964.45.

For the reasons set forth above, the defendants' counterclaim for adverse possession is hereby dismissed with prejudice and the plaintiff's request for an award of attorney's fees and costs arising from the breach of general warranty of English covenants in the 1956 deed is hereby granted.