# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Russrand Triangle
Associates, L.L.C.

v.

Aubrey Morgan

March 18, 2004

Case No. CH99-1101

BY JUDGE FREDERICK H. CREEKMORE

The parties in the above-styled case were before the court on February 2, 2004, on Plaintiff's Motion for Reconsideration. The court took the matter under advisement at the conclusion of the hearing.

The Commissioner's Report, filed on June 21, 2002, determined that Defendant, Dr. Aubrey Morgan, obtained title through adverse possession to the portion of the disputed property that is marked by a retaining wall, a wood fence, and a shed, but Dr. Morgan did not obtain title by adverse possession to the portion of the disputed property located to the north of the wooden fence. After an extensive review of the Report of the Commissioner in Chancery and the parties' briefs and exhibits, as well as the relevant case law on adverse possession, the court finds that Dr. Morgan's use of the property to the north of the wooden fence does not satisfy the elements of adverse possession. It is therefore the determination of the court that the Commissioner's Report is confirmed in its entirety.

The limited and sporadic activities conducted on the property by Dr. Morgan, including planting grass on one occasion, occasionally walking dogs on the property, planting trees, sometimes descenting skunks and burying animals on the property, and occasionally cutting the grass and underbrush, do not constitute actual, hostile, exclusive, visible, and continuous use of the property for fifteen years. The evidence presented at the Commissioner's hearing and by the parties is insufficient to support a finding that Dr. Morgan's use of the property satisfied all elements necessary to prove adverse possession.

Furthermore, the court is not persuaded that the case at bar is controlled by *Hollander v. World Mission Church*, 225 Va. 440, 498 S.E.2d 419 (1998). In *Hollander*, the plaintiff used the disputed property more continuously and extensively than the use undertaken by Dr. Morgan in this case. For example, the plaintiff and her predecessor in title in *Hollander* mowed, cultivated a garden, and maintained the land as a residential lawn for more than fifteen years. *Id.* at 441, 444. Such continuous and on-going use is distinguishable from the limited and sporadic activities conducted by Dr. Morgan in the case at bar.

While the Supreme Court's opinion in *Hollander* is instructive, the focus of the opinion, namely, whether the adverse or hostile requirement necessary to prove adverse possession can be met when a plaintiff's possession is based on a mistake as to ownership of land, is not directly pertinent to the issue of whether Dr. Morgan adversely possessed the property to the north of the wooden fence. The opinion in *Hollander* details the test to be applied when determining whether a party has the intention to claim title to the land of another and therefore can meet the adverse or hostile requirement of the adverse possession test. In the case at bar, however, the parties were not specifically litigating whether Dr. Morgan possessed the intent necessary to prove the "adverse" element of adverse possession. The court, therefore, does not believe that it is bound by the opinion in *Hollander*.

For the reasons set forth above, the court finds that the Commissioner's Report is confirmed in its entirety.