## CIRCUIT COURT OF THE CITY OF NORFOLK

City of Norfolk

v.

J. Fred Hoffert, etc., et al.
and Allen Sandler

February 17, 2005

Case No. (Chancery) CH03-2056

BY JUDGE CHARLES E. POSTON

This case was before the Court on February 1, 2005, upon the Defendant's exception to the Report of the Commissioner in Chancery. The Court took the matter under advisement at the conclusion of the hearing.

*Facts*

On October 15, 2003, the City of Norfolk filed a Bill of Complaint against J. Fred Hoffert and others for the purpose of enforcing its lien for unpaid and delinquent real estate taxes. The subject property is located in Norfolk, Virginia, and is more particularly described as Lot 43 in Block 15 on the Plat of Colonial Place.

Because the whereabouts of the record holders were unknown, the City Treasurer served all interested parties by Order of Publication as required under Virginia statute.[1] Subsequent to the publication, the City Treasurer

---

[1] The advertisement was placed in *Inside Business*, a newspaper published in Norfolk, Virginia. No party has objected to and the Court neither considers nor

became aware that a third party, Dr. Allen Sandler, claimed ownership of the property through adverse possession. In response to this claim, the City Treasurer properly filed an Amended Bill of Complaint, naming Sandler as a party defendant.

On May 4, 2004, the Court referred the disputed issue of ownership to a Commissioner in Chancery, and on August 18, 2004, the Commissioner conducted a hearing. Present were counsel for the City of Norfolk, Dr. Sandler, J. Fred Hoffert, and others. The evidence presented at the Commissioner's hearing is not disputed.

On December 23, 1986, Dr. Allen Sandler purchased Lots 25, 26, 27, and 28 in Block 15 on the Plat of Colonial Place. This property, adjacent to Lot 43, consists primarily of an eight-unit apartment building. Before purchasing the land, Sandler noticed that the owner utilized Lot 43 as a parking lot, and therefore Sandler believed that Lot 43 was included in the 1986 conveyance to him. However, at no time did Sandler contract for the purchase of Lot 43, and neither his Deed of Bargain of Sale nor his title insurance mention Lot 43.

Lot 43 is a vacant parcel of land. A fence lines the north and east side of the property, and Connecticut Avenue runs along its southern boundary. The west side of Lot 43 is adjacent to the property Sandler purchased in 1986. No fence or other obstruction exists on the western portion of Lot 43.

Since purchasing his property in 1986, Sandler has permitted the tenants of his apartment building to use Lot 43 as both a parking lot and a garden. In addition, Sandler has regularly mowed the property, maintained its fences, and otherwise asserted his ownership over Lot 43. There is no evidence that any record owner of Lot 43 ever gave permission to Sandler or his predecessors in title to utilize the property for parking or any other purpose.

Based upon the evidence presented at the hearing, the Commissioner filed his Report on September 30, 2004. In his report, the Commissioner concluded that Sandler had met all of the requirements of adverse possession save that of hostile possession. His possession of the property had been open, continuous, exclusive, and notorious for the statutory period; but because Sandler did not hold the property under a claim of right, the Commissioner concluded that J. Fred Hoffert and others were the true owners of Lot 43. In light of this, Sandler excepted to the Commissioner's findings.

---

decides whether that publication is a newspaper having a general circulation as contemplated by Virginia Code § 8.01-324. *See In re Landmark Communs., Inc.*, 58 Va. Cir. 433 (2002).

*Analysis*

The court has the duty to examine exceptions to a Commissioner's report and to correct any errors that appear in his findings. Va. Code Ann. § 26-33. Although a court is given discretion to review the Commissioner's findings, "it cannot arbitrarily disturb the report, if it is supported by sufficient proof." *Hudson v. Clark*, 200 Va. 325, 329, 106 S.E.2d 133, 136 (1958). This rule applies with particular force to a Commissioner's findings of fact based upon evidence taken in his presence, but is not applicable to pure conclusions of law contained in the report. *Hill v. Hill*, 227 Va. 569, 577, 318 S.E.2d 292, 298 (1984).

The issue in the case at bar is whether Sandler acquired title to Lot 43 through adverse possession. "To establish title to real property by adverse possession, a claimant must prove actual, hostile, exclusive, visible, and continuous possession, under a claim of right for the statutory period of fifteen years." *Grappo v. Blanks*, 241 Va. 58, 61, 400 S.E.2d 168, 170 (1991). The claimant bears the burden of proving the elements of adverse possession by clear and convincing evidence. *Calhoun v. Woods*, 246 Va. 41, 43, 431 S.E.2d 285, 287 (1993); *Matthews v. W. T. Freeman Co.*, 191 Va. 385, 395, 60 S.E.2d 909, 914 (1950). In the case at bar, the Commissioner concedes that Sandler's possession of Lot 43 was actual, exclusive, visible, and continuous for a period exceeding the statutory period of fifteen years. However, the Commissioner argues that Sandler did not establish ownership by adverse possession because he did not prove the element of adversity. Therefore, the dispositive issue is whether Sandler has proven an adverse and hostile use.

It is well established that a claimant's possession is "hostile" if it is under "a claim of right and adverse to the right of the true owner." *Grappo*, 241 Va. at 62, 400 S.E.2d at 171 (citing *Virginia Midland RR. v. Barbour*, 97 Va. 118, 123, 33 S.E. 554, 556 (1899)). The phrase "claim of right," when used in the context of adverse possession, refers to the intent of a claimant to use land as the claimant's own to the exclusion of all others. *Marion Inv. Co. v. Virginia Lincoln Furniture Corp.*, 171 Va. 170, 182, 198 S.E. 508, 513 (1938). In other words, the possessor must profess, through words or actions, a belief that he is entitled to use the land and prevent others from using it in a manner that precludes the legal owner from exercising his rights over the property. *Quatannens v. Tyrrell*, 268 Va. 360, 372, 601 S.E.2d 616, 622 (2004).

In narrow circumstances, mistake may negate hostile possession. *Id.* In 1908 the Supreme Court of Virginia, in *Schaubuch v. Dillemuth*, 108 Va. 86, 60 S.E. 745 (1908), held "that where a person occupies and possesses the land

of another, through a misapprehension or mistake as to the boundaries of his land, with no intention to claim as his own that which does not belong to him, but only intends to claim to the true line, wherever it may be, he does not hold adversely." *Id.* at 89, 60 S.E. at 746. Based upon this general rule, the Commissioner concluded that Sandler failed to meet his burden of proving adverse possession. Because Sandler occupied the disputed property under the mistaken belief that it belonged to him, the Commissioner reported that Sandler failed to possess the property with the requisite intent. The Court, however, disagrees. The proposition of law set forth in *Schaubuch* applies only when the case is one where no intention to hold adversely up to the boundary line on the ground in question exists or is proved. *Christian v. Bulbeck*, 120 Va. 74, 104, 90 S.E. 661, 670 (1916).

Eight years after its decision in *Schaubuch*, the Supreme Court clarified the law of adverse possession by mistake in *Christian v. Bulbeck*, 120 Va. 74, 90 S.E. 661 (1916). After analyzing *Schaubuch* and other earlier Virginia cases, the court concluded that proof of an expressed intention to claim title is not necessary. *Id.* at 107, 90 S.E. at 671 (citation omitted). Instead the correct rule, the court said, is that:

> where the proof is that the location of the line in question was caused in the first instance by a mistake as to the true boundary, the other facts and circumstances in the case must negative by a preponderance of evidence the inference which will otherwise arise that there was no definite and fixed intention on the part of the possessor to occupy, use and claim as his own, the land up to a particular and definite line on the ground. That is to say, on the whole proof a case must be presented in which the preponderance of evidence as to the character of the possession, how held, how evidenced on the ground, how regarded by the adjoining land owner, etc., etc., supplies the proof that the definite and positive intention on the part of the possessor to occupy, use and claim as his own the land up to a particular and definite line on the ground existed, coupled with the requisite possession, for the statutory period, in order to ripen title under the statute. *Whether the positive and definite intention to claim as one's own the land up to a particular and definite line on the ground existed, is the practical test in such cases.*

*Id.* at 110-11, 90 S.E. at 672 (emphasis added). The court further stated:

[t]he collateral question whether the possessor would have claimed title, claimed the land as his own, had he believed the land involved did not belong to him, but to another, that is, had he not been mistaken as to the true boundary line called for in his chain of title, is not the proximate but an antecedent question, which is irrelevant and serves only to confuse ideas.

*Id.* at 111, 90 S.E. at 672.

Over seventy years after handing down its decision in *Christian*, the Supreme Court once again considered "the effect of a mistake as to the location of an actual boundary line upon the intent to hold disputed land adversely." *Hollander v. World Mission Church*, 255 Va. 440, 441, 498 S.E.2d 419, 420 (1998). In *Hollander*, a church and its adjoining property owners both claimed possession of a strip of land between their properties. According to the evidence, the adjoining owners performed maintenance and upkeep on the disputed land for more than fifteen years. Despite this, the trial court found that the adjoining owners had failed to establish that they held the property in "adverse or hostile possession." *Id.* at 441, 498 S.E.2d at 420. The Supreme Court overruled the trial court's decision holding that the landowners possessed the property with adverse or hostile intent because their claim was not based solely "on the deed descriptions, but also on their belief that their property line ran to the line of woods." *Id.* at 443, 498 S.E.2d at 421.

Like the plaintiff in *Hollander*, Sandler has provided clear and convincing proof that he possessed "the positive and definite intention to claim as [his] own the land up to a particular and definite line on the ground." *Christian*, 120 Va. at 111, 90 S.E. at 672. Sandler testified that, when he purchased the Colonial Place property in 1986, he believed it to include Lot 43. He proceeded to use the land in a manner consistent with ownership, including permitting his tenants to use the land for parking and gardening, mowing the lawn, and making other improvements to the land. Despite Sandler's actual, open, and exclusive use of the land, neither J. Fred Hoffert, nor any predecessor in title, ever made any claim to Lot 43.

It is clear that the evidence adduced before the Commissioner establishes that any claim upon the subject property by Sandler was based upon mistake. However, this fact is irrelevant because "the collateral question whether the possessor would have claimed title, claimed the land as his own, had he believed the land involved did not belong to him, but to another, that is, had he not been mistaken as to the true boundary line called for in his chain of title, is not the proximate but an antecedent question, which is irrelevant and serves only to confuse ideas." *Christian*, 120 Va. at 111, 90 S.E. at 672.

Instead a claimant can satisfy the hostility requirement if he believes that a particular "line on the ground" represents the extent of his land and treats all the land within the line on the ground as his own.

All of the other evidence at the hearing proves that Sandler held a definite and positive intent to claim as his own land up to the fences lining Lot 43. Therefore, since Sandler held a positive and define intent to claim as his own land up to a particular and definite line in the ground, the hostile character of Sandler's possession has not been undercut by the fact that he mistakenly believed the land was his. *Brown v. Moore*, 255 Va. 523, 500 S.E.2d 797 (1998).

*Conclusion*

After an extensive review of the Report of the Commissioner in Chancery, the evidence taken by the Commissioner, and the arguments of counsel, as well as the relevant authorities, the Court finds that Sandler's use of Lot 43 satisfies all of the elements of adverse possession. The Court, then, sustains Sandler's exception to the Commissioner Report and holds that he is the true owner of Lot 43 by adverse possession.