COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, AtLee and Malveaux
Argued at Richmond, Virginia


ANNE P. EVERETT

v.      Record No. 0995-23-2

GEORGE LEE PARSON, ET AL.

MEMORANDUM OPINION* BY
JUDGE MARY BENNETT MALVEAUX
JULY 16, 2024


FROM THE CIRCUIT COURT OF SUSSEX COUNTY
W. Edward Tomko, III, Judge

K. Reed Mayo (Reed Mayo Law Firm, P.C., on briefs), for
appellant.

Joseph E. Blackburn, III (William D. Bayliss; Williams Mullen, on
brief), for appellees.


Anne P. Everett ("Everett") appeals the circuit court's order sustaining the demurrer of

George Lee Parson; Thomas W. Parson, IV; David N. Jones; Reginald N. Jones, both

individually and in his capacity as administrator of the estate of Shirley P. Andrews; Frances H.

Schwabenton, both individually and in her capacity as executrix of the estate of Frances Parson

Harris; James S. Harris, Jr.; and Sydney M. Harris (collectively, the "Relatives"), to Everett's

claim for adverse possession of land. On appeal, Everett contends that the circuit court erred by

ruling that her mistaken belief that a deed of gift conveyed the disputed land to her precluded her

claim for adverse possession as a matter of law. She further contends that the circuit court erred

by finding that her first amended complaint failed to state a claim for adverse possession because

it established that she owned the disputed land as a co-tenant with the Relatives and failed to

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

plead that she had ousted them. For the following reasons, we agree with Everett and reverse the judgment of the circuit court.

## I. BACKGROUND

"When reviewing a circuit court order dismissing a claim on demurrer, we accept as true all factual allegations in the complaint 'made with "sufficient definiteness to enable the court to find the existence of a legal basis for its judgment."'" *Patterson v. City of Danville*, 301 Va. 181, 197 (2022) (quoting *Squire v. Va. Hous. Dev. Auth.*, 287 Va. 507, 514 (2014)). "We give no presumption of correctness, however, to 'conclusions of law camouflaged as factual allegations or inferences.'" *Morgan v. Bd. of Supervisors of Hanover Cnty.*, 302 Va. 46, 52 (2023) (quoting *Doe ex rel. Doe v. Baker*, 299 Va. 628, 641 (2021)). "From this vantage point, we recite the alleged facts of this case as described in the . . . amended complaint[]." *Id.*

In 1941, George Lee Parson ("Senior") acquired an approximately 74-acre farm (the "Wesley Barnes Farm") consisting of 3 parcels of land in Sussex County. Two of the parcels, together, contained approximately 24 acres lying east of Route 619 (the "Everett Farm"). In 1973, George Lee Parson, Jr. ("Junior") acquired the Everett Farm under Senior's will. Everett is Junior's daughter.

Between 1989 and 1990, Junior and his wife (the "Parsons") entered into 13 mining leases with RGC (USA) Minerals Inc. ("RGC"). Ten of the mining leases authorized RGC to extract minerals from parcels of land that the Parsons wholly owned, including the Everett Farm (the "Junior Leases"). The remaining leases authorized RGC to extract minerals from three parcels of land that Junior jointly owned with his four sisters: Shirley P. Andrews, Ruby P. Jones, Frances P. Harris, and Virginia P. Parson. RGC subsequently assigned its interest in the mining leases to Iluka Resources Inc. ("Iluka").

- 2 -

From at least August 1990, Junior's sisters were aware that the Parsons had executed the mining leases and that Junior considered himself the sole owner of the Everett Farm. Beginning in August 1990, Everett's husband began conducting farming operations on the Everett Farm with Junior's consent. His farming operations were clearly visible from Route 619 and another public road. On December 12, 1994, by deed of gift (the "1994 Deed"), the Parsons conveyed the Everett Farm to Everett. With Everett's consent, her husband continued to conduct farming operations on the Everett Farm until spring 2007.

On October 6, 2006, the Parsons assigned their rights and obligations under the Junior Leases to Everett. With Everett's consent, Iluka took possession of the Everett Farm and began mining operations in spring 2007. Iluka's operations on the Everett Farm were visible, exclusive, and continuous until at least the end of 2010.

Around June 25, 2012, the Relatives filed an amended complaint against Iluka, claiming damages for trespass, waste, and breach of contract.[1] The Relatives alleged that Senior's will did not convey the entire Everett Farm to Junior. Instead, the Relatives alleged that a triangular part of the Everett Farm (the "Triangle") had passed to Senior's wife, Virgie F. Parson ("Virgie"), under the residuary clause of Senior's will. The Relatives further asserted that Virgie devised the Triangle to her five children through the residuary clause of her will. As Virgie's descendants, the Relatives claimed joint ownership of the Triangle and alleged that Iluka mined the Triangle without the consent of all its owners.

Everett filed a complaint to quiet title against the Relatives. Everett's complaint, as amended, claimed that she acquired title to the Everett Farm, including the Triangle, by adverse

---

[1] Although referenced in Everett's complaint, the Relatives' complaint is not a part of the record on appeal.

- 3 -

possession through Junior's actions and her own actions.[2]  The Relatives filed a demurrer arguing that Everett's complaint failed to state a claim for adverse possession because it demonstrated that she took possession of the Triangle under the mistaken belief that the 1994 Deed conveyed the Triangle to her.  The Relatives further asserted that, contrary to Everett's claim of adverse possession, they owned the Triangle with Everett as co-tenants and had constructive possession of the Triangle.

The circuit court held a hearing on the Relatives' demurrer on February 27, 2023.[3] Following the hearing, the circuit court held that Everett's amended complaint failed to state a claim for adverse possession because her possession of the Triangle "under the mistaken belief that it was conveyed" to her by the 1994 Deed "cannot result in adverse possession as a matter of law."  The circuit court further found that Everett's amended complaint established that Everett "is a co-tenant in privity with the [Relatives] and not a stranger," and thus failed to state a claim for adverse possession because it failed to "allege with specificity the conduct of [Everett] . . . which would be necessary to oust [the Relatives] to support adverse possession."  The circuit court entered an order on April 19, 2023, sustaining the Relatives' demurrer to Everett's claim for adverse possession and granting Everett leave to further amend her complaint.

This appeal followed.

## II.  ANALYSIS

An appellate court "reviews a circuit court's decision to sustain a demurrer de novo." *Givago Growth, LLC v. iTech AG, LLC*, 300 Va. 260, 264 (2021).  "A demurrer tests the legal sufficiency of the facts alleged in a complaint assuming that all facts alleged therein and all

---

[2] The amended complaint also claimed that Everett acquired title to the Everett Farm, including the Triangle, under the 1994 Deed.  Everett later nonsuited that claim.

[3] The record does not include a transcript of the hearing or a written statement of facts in lieu thereof.

inferences fairly drawn from those facts are true." *Id.* We "interpret those allegations in the light most favorable to the plaintiff." *Taylor v. Aids-Hilfe Koln, e.V.*, 301 Va. 352, 357 (2022) (quoting *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018)).

## A. Adverse Possession

On appeal, Everett argues that the trial court erred by holding that her mistaken belief that the Triangle was included in the 1994 Deed "precludes her possession from being 'hostile' for purposes of adverse possession 'as a matter of law.'" She contends that her amended complaint sufficiently alleged all elements of adverse possession, notwithstanding her mistake.

"To establish title to real property by adverse possession, a claimant must prove actual, hostile, exclusive, visible, and continuous possession, under a claim of right, for the statutory period of 15 years. A claimant has the burden of proving all the elements of adverse possession by clear and convincing evidence." *Harkleroad v. Linkous*, 281 Va. 12, 18 (2011) (quoting *Helms v. Manspile*, 277 Va. 1, 7 (2009)); *see also* Code § 8.01-236.

Hostile possession is defined "as possession 'under a claim of right and adverse to the right of the true owner.'" *Quatannens v. Tyrrell*, 268 Va. 360, 372 (2004) (quoting *Grappo v. Blanks*, 241 Va. 58, 62 (1991)). "When used in the context of adverse possession, the term[] *claim of right* . . . mean[s] a possessor's intention to appropriate and use the land as his own to the exclusion of all others." *Grappo*, 241 Va. at 62. To establish hostile possession,

> the possessor must profess, through words or actions, a belief that
> [s]he is entitled to use the land and prevent others from using it in a
> manner that precludes the legal owner from exercising his rights over
> the property. If possession is hostile, the legal owner and the
> possessor cannot simultaneously exercise control over the land.
> Thus, permission negates hostile possession.

*Quatannens*, 268 Va. at 372.

"In narrow circumstances, mistake *may* also negate hostile possession." *Id.* (emphasis added). But where a party has "a definite and positive intention to occupy, use, and claim the

- 5 -

land," the hostile character of that party's possession is not "undercut by the fact that [she] mistakenly believed the land was [hers]." *Id.* at 373. As our Supreme Court has explained:

> when a claimant mistakenly believes that a particular "line on the ground" represents the extent of his or her own land and treats all the land within the line on the ground as his or her own in a manner that satisfies the other requirements of adverse possession -- particularly actual, exclusive, and visible possession -- then the hostility requirement is generally satisfied.

*Id.* at 372.

Everett's amended complaint asserted that she believed she acquired title to the Everett Farm—including the "line[s] on the ground" delineating the Triangle—under the 1994 Deed. *See id.* Her amended complaint further alleged that she exclusively possessed the Triangle and used it for visible farming and mining operations between 1994 and 2010. When viewed in the light most favorable to Everett, her alleged actions demonstrate that she had the "definite and positive intention" to "occupy, use and claim as [her] own the land up to a particular and definite line on the ground," namely, the land within the Triangle. *Id.* at 367 (quoting *Christian v. Bulbeck*, 120 Va. 74, 111 (1916) (emphasis omitted)); *see also Grappo*, 241 Va. at 62 (noting that hostile intent "need not be expressed but may be implied by a claimant's conduct"). Everett's amended complaint alleged all elements of adverse possession: that, for a length of time exceeding the statutory period of 15 years, she actually possessed the Triangle in an exclusive manner that was visible from public roads and that her possession was not permitted by or simultaneous with the Relatives. The farming and mining operations that Everett permitted demonstrate her intention to use it as her own to the exclusion of all others, including the Relatives. Under these circumstances, Everett's mistaken belief that the 1994 Deed conveyed the entire Everett Farm, including the Triangle, to her does not defeat the "hostile" element of her claim for adverse possession as a matter of law.

The Relatives rely on *Chaney v. Haynes*, 250 Va. 155, 159 (1995), and its proposition that "[u]se of property, under the mistaken belief of a recorded right, cannot be adverse as long as such mistake continues." But the claimants in *Chaney* "based their use of [the] land *solely* on their mistaken belief that it was the land described in their express easement." *Id.* (emphasis added). In contrast, in *Hollander v. World Mission Church*, 255 Va. 440, 443 (1998), the claimants "based their claim not only on the deed descriptions, but also on their belief" as to where the property line lay. As in *Hollander*, Everett's claim to the Triangle is not based solely on the description in the 1994 Deed, but also on her belief that the Everett Farm's property line included the Triangle.[4]

As this case is more analogous to *Hollander* than to *Chaney*, we apply "the practical test" found in *Hollander*: "[w]hether the positive and definite intention to claim *as one's own* the land up to a particular and definite line *on the ground* existed." *Id.* Because the claimants in *Hollander* had such intention, our Supreme Court held that their "possession was accompanied by the requisite adverse or hostile intent" despite their mistaken belief that the property had been deeded to them. *Id.* Here, the alleged visible and continuous farming and mining operations on the Everett Farm demonstrate Everett's intention to claim that land, including the "line[s] on the ground" forming the Triangle, as her own. *Id.* (emphasis omitted). Accordingly, because Everett's mistaken belief that the Triangle was conveyed to her under the 1994 Deed does not defeat the hostility of her possession, and because her amended complaint sufficiently alleges the

---

[4] In addition, the property right at issue in *Chaney* was an easement for "the right to use" a certain strip of land. 250 Va. at 156. "Easements are not ownership interests in the servient tract but 'the privilege to use the land of another in a particular manner and for a particular purpose.'" *Russakoff v. Scruggs*, 241 Va. 135, 138 (1991) (quoting *Brown v. Haley*, 233 Va. 210, 216 (1987)). Unlike *Chaney*, in this case the property right at issue is not a mere easement but an ownership interest: whether Everett is "the sole owner in fee-simple" of the Everett Farm, including the Triangle.

- 7 -

other elements of adverse possession, we hold that the circuit court erred by ruling that the amended complaint failed to state a claim for adverse possession as a matter of law.

### B. Co-Tenancy

Everett also argues that the circuit court erred in sustaining the Relatives' demurrer because her amended complaint failed to "allege with specificity the conduct of [Everett], who is a co-tenant in privity with the [Relatives] . . . which would be necessary to oust such a co-tenant to support adverse possession."

A co-tenancy is "[a] tenancy with two or more coowners who have unity of possession." *Cotenancy*, *Black's Law Dictionary* (11th ed. 2019). "[W]hen two parties acquire property as co-tenants, one co-tenant may not rely on adverse possession to obtain exclusive fee simple title to the property unless notice, actual or constructive, is given to the other co-tenant of the intent to oust, thus making the occupying co-tenant's possession hostile." *Harkleroad*, 281 Va. at 18. "Indeed, there is a presumption against any occupancy of a co-tenant being [in] hostile possession as to other co-tenants with whom he is in privity." *Id.*

We agree with Everett that her amended complaint did not allege that she and the Relatives owned the Triangle as co-tenants. Instead, her amended complaint alleges that she received her interest in the Triangle from Junior under the 1994 Deed or, alternatively, by adverse possession. The amended complaint further alleges that Junior received his interest in the Triangle under Senior's will. Everett does not allege that she shares her interest with any of the Relatives.

The Relatives suggest that Everett's "alternative" adverse possession claim implies that she did not acquire title to the Triangle under the 1994 Deed. If Everett did not acquire title to the Triangle under the 1994 Deed, the Relatives assert, Junior must not have acquired title to the Triangle under Senior's will. The Relatives further suggest that, if Junior did not acquire title to

the Triangle under Senior's will, then Junior must have inherited an interest in the Triangle under Virgie's will along with the Relatives. Accordingly, the Relatives contend that Junior was a co-tenant of the Triangle and conveyed only his interest to Everett under the 1994 Deed.

We reject the Relative's argument and instead conclude that Everett's "alternative" claim for adverse possession of the Triangle does not constitute an allegation that she and the Relatives are co-tenants. Everett's amended complaint does not allege that Junior, or even the Relatives, inherited the Triangle under Virgie's will. Instead, it simply acknowledges that the Relatives "alleged," in their separate action against Iluka, that Junior and his siblings acquired title to the Triangle under Virgie's will and that they "contend" that they possess an ownership interest in the Triangle. Further, Everett's amended complaint alleges that she acquired, under the 1994 Deed, "title to the entire Everett Farm, including the Triangle, in fee simple."

When read in the light most favorable to Everett, as is appropriate on review of a ruling sustaining a demurrer, the amended complaint's acknowledgment of the Relatives' allegations does not constitute an independent allegation by Everett that Junior acquired title to the Triangle under Virgie's will. In the absence of any allegation by Everett that another party actually had an ownership interest in the Triangle, the circuit court erred by concluding that Everett's amended complaint failed to state a claim for adverse possession because she was a co-tenant in privity with the Relatives and did not specifically allege that she had ousted them.

### III. CONCLUSION

For the foregoing reasons, we reverse the judgment of the circuit court and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*