Present:  All the Justices

RICKY WILLIAM NELSON, ET AL.

v.  Record No. 001711        OPINION BY JUSTICE DONALD W. LEMONS
                                        June 8, 2001
LAUREL A. DAVIS

                FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                        Paul M. Peatross, Jr., Judge

     In this appeal, we consider whether the trial court erred

in denying Ricky William Nelson's and Dana Ann Nelson's

("Nelsons") motion for a permanent injunction and dissolving a

temporary injunction which enjoined Laurel A. Davis ("Davis")

from interfering with the Nelsons' use of a gravel driveway

over the Davis property.

                    I. Facts and Procedural History[1]

     Davis acquired title to a parcel of property ("Davis

property") on May 3, 1996 by deed ("Davis deed") from Rachel

Baughman.  The Davis property contains approximately 3.3 acres

on the south side of and adjoining State Route 715 ("Route

715") in Albemarle County.  The Davis deed incorporates, as a

description of the property conveyed, a plat of record in the

clerk's office of the Circuit Court of Albemarle County.  This

plat, prepared by Arthur F. Edwards and dated July 31, 1991

("Edwards plat"), includes in the description of the property

_____

     [1] No transcript of the proceedings below was provided.
Instead, a "Statement of Facts, Testimony and Other Incidents
of the Case" was made a part of the record.  See Rule 5:11(c).

a gravel road running from Route 715 along the eastern border of the property onto a parcel, now owned by the Nelsons, to the rear of, and adjoining the Davis property.

The Nelsons acquired title to an approximately three-acre parcel of property ("Nelson property") located in Albemarle County on April 19, 1999 by deed ("Nelson deed") from William E. Johns, Juanita A. Lee, and Robin A. Lee. The Nelson property, located in the rear of and adjacent to the Davis property, is more particularly described by a plat prepared by Robert L. Lum and dated May 11, 1988 ("Lum plat"). The Lum plat shows the same gravel road as that described on the Edwards plat.

The gravel road shown on both the Edwards plat and the Lum plat is also indicated on Albemarle County Tax Map Section 121 ("tax map") as running along the boundary between tax parcels 24A and 28, and running from State Route 715 to tax parcel 25A. The Nelson property is parcel 25A, and the Davis property is parcel 24A. Directly to the east of the Davis property and north of the Nelson property is parcel 28, owned by Walker W. Jones and Evelyn A. Jones ("Joneses"). The tax map does not reveal any other roads serving the Nelson property.

After purchasing their property, the Nelsons were advised by Davis that they could not use the gravel road on her

property to access their property.  When the Nelsons continued to use this road, Davis parked a vehicle in the road, dumped brush in the road, and placed a chain barrier across the road to prevent the Nelsons from traversing it.

On December 27, 1999, the Nelsons filed a motion for a preliminary injunction, later to be merged into a permanent injunction, against Davis.  The Nelsons sought to enjoin Davis from interfering with their use of the gravel road for ingress to and egress from their property.

The trial court held an ore tenus hearing on February 3, 2000 at which time it received into evidence the deeds and plats of the Nelson and Davis properties.  Additionally, the trial court heard testimony from the Nelsons, D. W. Crickenberger ("Crickenberger"), a relative of the Nelsons and owner of property adjacent to and located to the south of the Nelson property, and Anna Nelson (no relation to the litigants), who had lived on the Davis property in the 1960's and had resided in the immediate area all her life.  Based upon the evidence presented, the trial court issued a decree granting the Nelsons' motion for a temporary injunction and set the matter for trial on February 22, 2000.

At trial, additional evidence regarding the use of the road in question was received.  Gary Turner ("Turner"), age 44, testified that he had lived in the area all his life.  He

3

stated that the road had been in existence for as long as he could recall and that he, along with many others, had used the road as access to the property behind the Davis property. Turner further testified that he used the road to access the Nelson property when he was a tenant on the property before it was sold to the Nelsons.

Anna Nelson, age 81, testified that she had lived in the area her entire life and that the road had been in existence as long as she could remember. She also stated that during the 1960's she lived on the Davis property and that the road was used by many people as access to the property behind the Davis property.

Crickenberger, Dana Nelson's father, who owned the property adjacent to the Nelsons, testified that he had resided in the area for many years. He stated that the road had been in existence for as long as he could recall and that it was the sole means of access to the Nelson property.

David Dykes ("Dykes"), a title examiner without any legal training, testified on behalf of Davis as to the existence of a deed, dated June 7, 1965, conveying property from Pencie J. Agee and Joe J. Agee to the Joneses ("Jones deed"). This deed was made subject to a right of way granted to Joe J. Agee. The Jones deed described this as "a right of way for ingress and egress 12 feet in width along the west boundary of the

4

property hereby conveyed to State Route 714, for the benefit of the land of the said Joe J. Agee adjoining the property hereby conveyed on the south."[2]  Based on this information, Dykes concluded that the right of way described was intended to be over property owned by the Joneses and not the Davis property.  Additionally, Dykes testified that the gravel road in question was the only road in the area that matched the description of the road in the Jones deed and the tax map.  He further stated that he could find no record of any other road that served the Nelson property.

On February 28, 2000, the trial court issued a letter opinion in which it concluded that the Nelsons had not met their burden of proving an express easement over the Davis property.  Additionally, the trial court ruled that the Nelsons had failed to establish that there was adverse use for the 20 years necessary to establish an easement by prescription.  An April 17, 2000 order, incorporating the letter opinion, dissolved the temporary injunction and denied the Nelsons' motion for a permanent injunction.  The Nelsons appeal the adverse rulings of the trial court.

## II. Standard of Review

---

[2] Reference in the Jones deed to "Route 714" is obviously a typographical error.  The state route in question is Route 715.

The standard of review on appeal is well settled. "A finding of the chancellor on conflicting evidence, heard ore tenus, carries the same weight as a jury's verdict and will not be disturbed on appeal unless it is plainly wrong or without evidence to support it." Willis v. Magette, 254 Va. 198, 201, 491 S.E.2d 735, 736 (1997)(citations omitted).

## III. Analysis

On appeal, the Nelsons contend that the trial court erred in ruling that they were not entitled to a presumption that their use of the easement was under a claim of right, and that Davis did not have the burden of rebutting the presumption.[3]

"Easements may be created by express grant or reservation, by implication, by estoppel or by prescription." Bunn v. Offutt, 216 Va. 681, 684, 222 S.E.2d 522, 525 (1976). The general principles of law governing easements by prescription are well settled.

> In order to establish a private right of
> way over lands of others by prescription,
> the claimant must prove that his use of
> the roadway was adverse, under a claim of
> right, exclusive, continuous,
> uninterrupted, and with the knowledge and

---

[3] The Nelsons' first three assignments of error address these two issues. In their fourth assignment of error, they also argue that the trial court erred in ruling that there was no implied covenant that a right of way across the Davis property existed. The trial court made no ruling on this issue and the Nelsons did not make this objection to the trial court's April 17, 2000 order. Consequently, the issue is not before us. See Rule 5:25.

> acquiescence of the owners of the land over which it passes, and that the use has continued for a period of at least 20 years. Where there has been an open, visible, continuous and unmolested use of a road across the land of another for at least twenty years, the use will be presumed to be under claim of right, and places upon the owner of the servient estate the burden of rebutting this presumption by showing that the use was permissive, and not under claim of right.

Pettus v. Keeling, 232 Va. 483, 485, 352 S.E.2d 321, 323-24 (1987) (internal citations and quotation marks omitted). The claimants must present clear and convincing evidence to establish an easement by prescription. Ward v. Harper, 234 Va. 68, 70, 360 S.E.2d 179, 181 (1987).

The trial court, relying upon our decision in Chaney v. Haynes, 250 Va. 155, 458 S.E.2d 451 (1995), held that the Nelsons failed to establish a prescriptive easement because "the evidence discloses that there was a mistaken belief that there was a recorded right-of-way at the location noted over [Parcel] 24A, when in fact the express granted easement was over Parcel 28." In Chaney, we held that the claimants failed to prove that a prescriptive easement was established because "[u]se of property, under the mistaken belief of a recorded right, cannot be adverse as long as such mistake continues." Id. at 159, 458 S.E.2d at 453 (citations omitted). The facts of the present case are different from those in Chaney. The

7

claimants in Chaney asserted that their right of way derived from an express easement and that a prescriptive easement arose from exclusive, continuous, and uninterrupted use of that right of way under a mistaken belief that it was over the property described in the express easement. Id. at 158-59, 458 S.E.2d at 453-54. The limited record before us in the present case reveals no evidence presented to the trial court that anyone using the gravel road in question did so under a mistaken belief that there was an express easement. The only evidence of mistake comes from Dykes' testimony that the gravel road was over the Jones property and not the Davis property. Accordingly, the trial court erred in holding that the use of the gravel road was under a mistaken belief that there was an express easement and that any mistake due to the presence of a gravel road on the Edwards plat precluded finding a prescriptive easement.[4]

On appeal, Davis claims that the Nelsons did not meet their burden of proof to demonstrate exclusivity of use and consequently, were not entitled to the presumption of adverse use. As we stated in Callahan v. White, 238 Va. 10, 13, 381 S.E.2d 1, 3 (1989), "where the essential element of exclusiveness is lacking, no presumption of a claim of right

---

[4] During oral argument, Davis conceded that the trial court erred in holding that a mistake in the Edwards plat

arises from evidence of long use."  In <u>Pettus</u>, 232 Va. at 486, 352 S.E.2d at 324 (citing <u>Burks Brothers of Va., Inc. v. Jones</u>, 232 Va. 238, 246, 349 S.E.2d 134, 139 (1986)), we stated:

> [W]here the use of a roadway by persons owning property in the immediate area has been in common with use of the way by members of the general public, the essential element of exclusiveness is lacking because the use of the way is dependent upon the enjoyment of similar rights by others.

However, "when each landowner asserts his own right to use the way, independent of all others, and no rights are dependent upon the common enjoyment of similar rights by others, prescriptive rights may arise."  <u>Ward</u>, 234 Va. at 71, 360 S.E.2d at 181.  Thus, "when each user independently asserts his right to enjoy the way for himself, such use is exclusive even though others assert similar rights for themselves."  <u>Pettus</u>, 232 Va. at 486, 352 S.E.2d at 324 (citations and quotation marks omitted).

Even viewing the evidence in the light most favorable to Davis, as we must upon appellate review, the Nelsons established by clear and convincing evidence that use of the road across the Davis property had been open, visible, continuous, exclusive, and unmolested for at least 20 years.

---

necessarily precluded a finding of a prescriptive easement.

9

Such proof entitled the Nelsons to the presumption of adverse use. Upon establishing the presumption, the burden shifted to Davis to rebut the claim of adverse use. Other than the title examiner, Davis offered no evidence in rebuttal. There was no direct evidence of permissive use. See Causey v. Lanigan, 208 Va. 587, 593, 159 S.E.2d 655, 660 (1968).[5]

## IV. Conclusion

The trial court erred in finding that the use of the gravel road was under a mistaken belief of an express easement and that any mistake in the Edwards plat precluded a finding of a prescriptive easement. Further, we hold that the Nelsons presented clear and convincing evidence of open, visible, continuous, exclusive, and unmolested use of the gravel road across the Davis property for at least 20 years. The Nelsons established the presumption of adverse use and it was unrebutted by any evidence from Davis concerning permissive use. We hold that on the evidence presented, applying the proper burden of proof and presumptions accorded to the Nelsons, the Nelsons established by clear and convincing evidence a prescriptive easement over the Davis property.

---

[5] Inexplicably, the letter opinion of the trial court stated that, "[t]he evidence in the case was that there was permissive use by many people in the area." The "Statement of Facts, Testimony and Other Incidents of the Case" stated that, "[n]one of the witnesses testifying at the ore tenus hearing

Accordingly, we will reverse and vacate the judgment of the trial court and will remand with directions to enter judgment for the Nelsons and for such further relief as may be necessary.

<u>Reversed and remanded</u>.

---

offered any testimony as to any person who ever asked permission of anyone to use said road."